IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PHY CHHEM,**<br><br>Petitioner,<br><br>v.<br><br>**LORETTA E. LYNCH, Attorney General,**<br><br>Respondent. | Case No. 1:15-cv-01446 MJS (HC)<br><br>**ORDER GRANTING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 14)** |

Petitioner filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 42 U.S.C. § 2241 on September 17, 2015. Petitioner challenges his indefinite detainment by the Bureau of Immigration and Customs Enforcement ("ICE").

The parties consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c). (ECF Nos. 9, 12.)

**I.    BACKGROUND**

Petitioner is a native of Cambodia. On March 3, 2015, Petitioner was ordered to be removed from the United States. Petitioner was taken into ICE custody on February 25, 2015, and asserts that he has been indefinitely detained since that date. In his

1

habeas petition, Petitioner asserts that his continued detention violated the doctrine stated by the United States Supreme Court in Zadvydas v. Davis, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001).

On October 26, 2015, Respondent filed a motion to dismiss the petition as moot. (ECF No. 14.) Over thirty (30) days have passed, and Petitioner has not filed a response.

**II.     ANALYSIS**

Respondent contends that the petition for writ of habeas corpus should be denied as moot. (ECF No. 14.) Respondent presents evidence to the Court that Petitioner was removed from the United States to Cambodia on October 25, 2015. Because a petition for habeas relief attacks issues regarding Petitioner's continued detention, this petition has become and remains moot. The case-or-controversy requirement of Article III, § 2, of the United States Constitution "subsists through all stages of federal judicial proceedings ... The parties must continue to have a personal stake in the outcome of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1253-54, 108 L. Ed. 2d 400 (1990) (internal quotations omitted). If it appears that the Court is without the power to grant the relief requested by a habeas petitioner, then that case is moot. See Picrin-Peron v. Rison, 930 F.2d 773, 775 (9th Cir. 1991).

The relief that Petitioner requested in his habeas petition, i.e., his release from continued and potentially indefinite detention, can no longer be granted by the Court. Therefore, this habeas action relating to his continued detention is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1064 (9th Cir. 2007) (holding that "there must be some remaining 'collateral consequence' that may be redressed by success on the petition" in order to continue to seek habeas corpus relief); Picrin-Peron, 930 F.2d at 775.

The United States Supreme Court has held that speculation and conjecture of future improper conduct is insufficient to defeat mootness and that the "the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." City of L.A. v. Lyons, 461 U.S. 95, 101-02, 108-09 (1983). As Petitioner is no longer present in

this country, there no real or immediate threat of injury of continued custody by Respondent. Petitioner's habeas petition alleging that his detention was unauthorized and unconstitutional is now moot. See Kaur v. Holder, 561 F.3d 957, 959 (9th Cir. 2009); Abdala, 488 F.3d at 1064-65.

### III.   CONCLUSION

The Petition for Writ of Habeas Corpus is moot because the petition challenges only the legitimacy of Petitioner's continued detention. Petitioner has been removed from the United States. He is no longer detained. There is no existing case or controversy over which this Court may exercise jurisdiction. Accordingly the case is moot and the petition must be dismissed.

### IV.   ORDER

IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss is GRANTED (Doc. 14.);
2. The Petition for Writ of Habeas Corpus is DISMISSED;
3. All pending motions are DENIED as moot (Doc. 2.); and
4. The Clerk is directed to close the case.[1]

IT IS SO ORDERED.

Dated:   January 13, 2016        /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Because Petitioner is a federal prisoner bringing a legitimate § 2241 petition, a certificate of appealability is not required. Harrison v. Ollison, 519 F.3d 952, 958 (9th Cir. 2008).